**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| HOLLI LUNDAHL, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 26-3865-BAH |
| FRANK BISIGNANO ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Holli ("Plaintiff") filed the above-captioned complaint pro se.[1] *See* ECF 1. She initially filed a motion for leave to proceed in forma pauperis, ECF 3, but later paid the filing fee. As such, her motion to proceed in forma pauperis is denied as moot.

While Plaintiff has paid the full filing fee, the Court still has inherent authority to ensure that it retains subject matter jurisdiction over an action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This Court lacks subject matter jurisdiction over "obviously frivolous" claims. *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910)); *see also Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court authority to dismiss frivolous claims exists even in the absence of a statutory provision providing such authority); *Alexander v. Dep't of Army*, Civ. No. DLB-21-2285, 2021 WL 4417080, at *1 (D.

[1] This Court's Local Rules limit pleadings to forty pages in length and provide that "[i]n extraordinary circumstances, parties may seek leave of Court to amend or supplement the initial pleading with additional pages." *See* Loc. R. 103.1.d (D. Md. 2025). Plaintiff did not seek the Court's leave to file additional pages, but the Court will not direct her to file an amended complaint that complies with the Local Rules as the complaint will be dismissed as frivolous.

Md. Sept. 24, 2021) (collecting cases), *aff'd sub nom. Alexander v. Dep't of the Army*, No. 21-2131, 2021 WL 6101837 (4th Cir. Dec. 22, 2021), *cert. denied,* 143 S. Ct. 98 (2022). For a patently frivolous complaint, "dismissal prior to service of process is permissible" as the Court lacks subject matter jurisdiction over the action. *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) (mem.); *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012). To determine if a claim is frivolous, this Court may "apply common sense." *Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

First, the Court takes judicial notice that multiple federal and state courts, including the Supreme Court of the United States, have restricted Plaintiff's ability to file documents and cases due to the volume of frivolous, vexatious, and harassing lawsuits she has filed, as well as her documented abuse of the judicial process. *See, e.g.*, *Lundahl v. Eli Lilly & Co.*, 544 U.S. 997 (2005) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1."); *Lundahl v. Nar Inc.*, 434 F. Supp. 2d 855, 858 (D. Idaho 2006) (imposing pre-filing restrictions on Plaintiff, summarizing her history of vexatious litigation, and noting that the Ninth and Tenth Circuits "have also imposed pre-filing restrictions on Plaintiff"); *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963, at *2 (10th Cir. June 8, 2005) (noting that Holli Lundahl has "a lengthy and abusive history of filing frivolous, prolix and vexatious actions and pleadings, both in this court and in other state and federal courts"); *Lundahl v. Hawkins*, No. CIVA SA-09-CV-0588-X, 2009 WL 3617518, at *4 (W.D. Tex. Oct. 27, 2009) (imposing "a pre-filing injunction be entered against Lundahl because her complaint is frivolous and because she has a history of vexatious litigation all over the United States"). The instant complaint is no different.

Plaintiff brings suit against Frank Bisignano, in his official capacity as Commissioner of the Social Security Administration, against President Donald Trump, in his official capacity as President of the United States, and against David Stone, as section chief of PACER, in his personal capacity. *See* ECF 1, at 1. Plaintiff contends that her "chief underlying claim [ ] is to expunge the criminal conviction entered against Plaintiff, declare Plaintiff innocent and then for the Court to order Defendant Bisignano to reimburse all of [Plaintiff's] SSDI payments owed [to her]." *Id.* at 2. Among other things, she seeks from President Trump "an executive order expunging Plaintiff's 2021 conviction for SSA fraud and finding Plaintiff innocent of the charges filed against her." *Id.* at 78.[2]

Plaintiff also alleges that "David Stone, Chief section officer over PACER[,] . . . has for several decades conspired with his employees and to the benefit of other government officials and private party defendants to manipulate [Plaintiff's] password to PACER to prevent [Plaintiff] from accessing same for illegal criminal and tortuous purposes." *Id.* at 6 ¶ 5(3). Plaintiff's seventy-nine-page complaint is replete with baseless allegations of conspiratorial manipulation of court records by court staff, judges, and prosecutors, including the forgery of indictments against her. *See, e.g.*, *id.* at 31 ¶ 50 ("As a tool to achieve this end, sitting judges would deny pro se litigants like claimant the right to electronically file so that their record could be manipulated before filing. Based thereon, the entire South Dakota court recused themselves from sitting on claimant's newly

---

[2] The Court takes judicial notice of *United States v. Holli Telford Lundahl*, Crim. No. 20-00048-NDF, ECF 335 (D. Wyo. entered Aug. 25, 2021) (judgment and commitment order signed by Judge Nancy D. Freudenthal reflecting a sentence of a total term of imprisonment of 36 months for health care fraud and aggravated identity theft convictions) and *United States v. Holli Lundahl*, Crim. No. 19-50156-LRR, ECF 271 (D.S.D. Oct. 10, 2021) (judgment and commitment order signed by Judge Linda R. Reade reflecting a sentence of a total term of imprisonment of 18 months for theft of government priority and Supplemental Security Income benefits fraud). Plaintiff's contentions in this complaint appear to center on the District of South Dakota conviction.

concocted criminal case that legally had no footing or teeth to it."); *id.* at 32 ¶ 51 ("HOLLI contends that Judge Reade directly participated in the alteration of courts records including ordering the US Marshals Service to destroy the courthouse surveillance tapes . . . ."); *id.* at 34 ¶ 53 ("The prosecutor and his team . . . then forged a series of subpoenas purporting to have come from the Rapid City federal grand jury . . . ."); *id.* at 36 ¶ 54 (alleging that the "grand juries in fact never met, never issued the subpoenas, and never issued any indictments because these grand juries did not exist" so Plaintiff's "criminal case should have been dismissed with prejudice").

Plaintiff brings a claim for mandamus relief

> to compel [Bisignano] to abide by these nondiscretionary laws cited to in this complaint and pay Plaintiff all SSDI moneys due and owing Plaintiff in the amounts of $595,681.05 pre-conviction and custody status; $67,395.84 after plaintiff's release from false imprisonment, and; after President Trump issues an executive order of expungement, an owed amount of $98,659.31 seized while Plaintiff was in illegal custody and as set forth on page 5 of this complaint supra. Plaintiff is also entitled to a declaration of her rights under the Social Security Act from the outset.

*Id.* at 75 ¶ 127. She also "petitions the district court to issue a binding declaration stating that the President possesses the legal authority under *Heck v. Humphrey* [512 U.S. 477 (1994)] to issue an expungement order and to honor such expungment [sic] order that the president issues." *Id.* at 75–76 ¶ 128 (first brackets in original). Finally, she pleads a claim for relief against David Stone "under the Larson-Dugan Doctrine for CFAA [Computer Fraud and Abuse Act] and SCA [Stored Communications Act] violations." *Id.* at 76 (capitalization and spelling altered). Plaintiff alleges that "Stone willfully and intentionally engaged in direct violations under the CFAA by directing the feeding of codes into Plaintiff's PACER account that blocked access to court and agency records for any and all purposes." *Id.* at 74 ¶ 123. She further alleges that he "abusively used his facility that regularly receives and sends out electronic communications to willfully and

intentionally prevent Plaintiff's authorized access to his facility, i.e. PACER, and for criminal or tortuous purposes in violation of 18 USC § 2701(a)." *id.* at 74–75 ¶ 123.

Upon review of the complaint, the Court finds it meritless and frivolous such that the Court lack subject matter jurisdiction over the claims. The Court plainly cannot compel the President of the United States to expunge or pardon a criminal conviction, which Plaintiff concedes is her "chief underlying claim." *See Sheppheard v. Morrisey*, 143 F.4th 232, 245–46 (4th Cir. 2025) (noting that the pardon power "is discretionary and federal courts have no ability to control an Executive's decision in this arena"). The allegations against Bisignano, which appear to hinge on the President's invalidation of her criminal conviction, *see, e.g.*, ECF 1, at 78 (requesting "a binding declaration that certain SSA laws were violated to bring about Plaintiff's criminal prosecution"), are also frivolous. Plaintiff's fanciful allegations about the vast conspiracy leading to her conviction, including that no grand jury returned the indictments on which she was convicted, also warrant dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that a finding of "frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

And even assuming the allegations against Stone are not factually frivolous (i.e., that he placed restrictions on her PACER account), these claims are legally frivolous. "A person violates the CFAA by 'intentionally access[ing] a computer without authorization or exceed[ing] authorized access, and thereby obtain[ing] . . . information from any protected computer,' or 'intentionally access[ing] a protected computer without authorization, and as a result of such conduct, caus[ing] damage and loss.'" *Richburg v. House of Ruth of Maryland*, No. 25-CV-195-ABA, 2026 WL 847804, at *13 (D. Md. Mar. 27, 2026) (quoting 18 U.S.C. §§ 1030(a)(2)(C), (a)(5)(C)). Plaintiff appears to attempt to bring suit under § 1030(a)(5)(A) which prohibits an

individual from "knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caus[ing] damage without authorization, to a protected computer." *See* ECF 1, at 76 ¶ 129. Allegations that an administrator of a program placed restrictions on a certain account, i.e., that someone "directed the feeding of codes into Plaintiff's PACER account," do not meet the elements of a CFAA claim because alleged wrongdoing does not involve access, unauthorized or not, to a computer or a protected computer. *See* 18 U.S.C. § 1030(e)(1) (defining "computer"); *id.* § (e)(2) (defining "protected computer"). The Fourth Circuit also interprets "'without authorization' and 'exceeds authorized access' literally and narrowly, limiting the terms' application to situations where an individual accesses a computer or information on a computer without permission." *WEC Carolina Energy Sols. LLC v. Miller*, 687 F.3d 199, 203 (4th Cir. 2012). This cause of action plainly does not fit the facts alleged here.

The Stored Communications Act claim suffers the same flaw. "To prevail under the federal Stored Communications Act, [a plaintiff] must show that [the defendant]: '(1) accessed a system through which electronic communication service is provided without authorization; (2) obtained a wire or electronic communication from the electronic storage system; and (3) acted intentionally.'" *Think Tank, Inc. v. Itegrity, Inc.*, Civ. No. MJM-22-1587, 2026 WL 884951, at *15 (D. Md. Mar. 31, 2026) (quoting *Skapinetz v. CoesterVMS.com, Inc.*, Civ. No. PX-17-01098, 2019 WL 2579120, at *3 (D. Md. June 24, 2019)); *see also* 18 U.S.C. § 2701. Again, allegations that an administrator of a program placed restrictions on a certain account do not implicate electronic communication or lack of authorization to access such communication. This is especially true where, as noted above, multiple courts, including federal district and circuit courts, state courts, and the Supreme

Court of the United States, have ordered restrictions on Plaintiff's ability to file in their respective courts.

The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). For the reasons stated above, Plaintiff's complaint will be dismissed as frivolous. *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered.").

Accordingly, it is this 16th day of October, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 3, is DENIED AS MOOT;
2. Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction as frivolous;
3. The remaining motions are DENIED AS MOOT; and
4. The Clerk is directed CLOSE this case and MAIL a copy of this memorandum and order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge